IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TRISH JOHNSON, | ) | |
| | ) | Case No. CV-09-61-N-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION** |
| vs. | ) | **AND ORDER** |
| | ) | |
| BOARD OF TRUSTEES OF | ) | |
| BOUNDARY COUNTY SCHOOL | ) | |
| DISTRICT NO. 101 and | ) | |
| DON BARTLING, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

Pending before the Court are the parties' cross-motions for summary

judgment (Docket Nos. 14 and 15).  The Court held oral argument on the motions

on January 14, 2010 and now issues the following decision.

## BACKGROUND

Plaintiff Trish Johnson filed a complaint against the Board of Trustees of

Boundary County Dist. No. 101 ("the Board") and Don Bartling, in his capacity as

Superintendent of the Boundary County School District No. 101 (collectively

"Defendants").  Plaintiff asserts claims for violation of her due process rights under

**Memorandum Decision and Order - 1**

Idaho Code §§ 33-513(5) and 33-515(6), the United States Constitution, and the

Idaho Constitution, as well as claims for breach of contract, and unlawful

discrimination in violation of the Idaho Human Rights Act ("IHRA"), the

Rehabilitation Act, and the Americans with Disabilities Act ("ADA").

For ten years prior to the 2007-2008 school year, Johnson was a special

education teacher for Boundary County Dist. No. 101 ("the District").  Johnson

suffers from bouts of depression arising from bipolar disorder.  During the summer

of 2007, she experienced a major depressive episode.  This episode prevented her

from completing the continuing education required for renewal of her teaching

certificate prior to the 2007-2008 school year.[1]  Accordingly, Johnson's teaching

certificate expired on September 1, 2007.  On September 6, 2007, Johnson

petitioned the Board to request a provisional one-year certificate from the Idaho

State Board of Education.  The Board declined her request, and Superintendent

Bartling informed Johnson that she would no longer be eligible to continue

employment as a teacher in the District.

---

[1] Elementary and secondary school teachers in Idaho must have a valid teaching certificate.  Idaho teaching certificates are valid for five years.  IDAPA 08.02.02.060.  To obtain recertification, teachers must obtain at least six professional development semester credit hours within that five year period, at least three of which must be for college credit. *Id*.

**Memorandum Decision and Order - 2**

On September 18, 2007, Johnson, through the Idaho Education Association, informed the Board that it had terminated her employment unlawfully and without the process required byIdaho Code §§ 33-513(5) and 33-515(6).  In response, Superintendent Bartling then recommended that the Board send Johnson a Notice of Possible Non-renewal of her contract.  On October 1, 2007, the Board met and voted to send the Possible Non-renewal Notice.  A hearing was held on October 16, 2007 wherein Johnson was represented by counsel and given the opportunity to testify and present evidence regarding her mental health issues.  Johnson renewed her request that the Board seek a provisional certification.  At the hearing's conclusion, the Board Chair announced that it was the consensus of the Board to, "stand on its previous decision, " ending Johnson's employment with the District "due to lack of certification."

Johnson claims that the Board's September 6 decision not to seek a provisional one-year certificate on her behalf effectively terminated her employment without providing notice and a hearing in violation of I.C. §§ 33-313(5) and 33-515(6) and both the United States and Idaho State Constitutions. Furthermore, it is Johnson's position that the October 16 hearing failed to provide her with the procedural due process, because the decision reached was pre-determined by the Board's prior decision.   Johnson further asserts that because her

**Memorandum Decision and Order - 3**

termination violated the foregoing statutory and constitutional provisions,

Defendants breached the parties' employment contract.  Finally, Johnson claims

that the Board's refusal to seek provisional certification on her behalf amounts to

discrimination against Johnson in violation of the IHRA, the Rehabilitation Act,

and the ADA.

Defendants counter that because Johnson's teaching certificate had lapsed,

she was entitled to neither the statutory protections of I.C. §§ 33-513(6) and 33-

515(5) nor those afforded by IHRA, the Rehabilitation Act, and the ADA.

Furthermore, Defendants maintain that because the certificate had lapsed, Johnson

had no reasonable expectation of continued employment and thus no

constitutionally protected property interest.  Defendants also argue that, in any

event, Johnson received all due process protection to which she was entitled.

Both parties have moved for summary judgment.  After reviewing the

briefing and hearing oral argument, the Court will deny Plaintiff's Motion for

Summary Judgment and grant Defendant's Motion for Summary Judgment.

## ANALYSIS

### I.      Summary Judgment Standard of Review

One of the principal purposes of the summary judgment "is to isolate and

dispose of factually unsupported claims . . . ."  *Celotex Corp. v. Catrett*, 477 U.S.

317, 323-24 (1986).  It is "not a disfavored procedural shortcut," but is instead the

"principal tool[ ] by which factually insufficient claims or defenses [can] be

isolated and prevented from going to trial with the attendant unwarranted

consumption of public and private resources."  *Id*. at 327.  "[T]he mere existence of

some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be

no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242,

247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving

party, *id.* at 255, and the Court must not make credibility findings.  *Id.*  Direct

testimony of the non-movant must be believed, however implausible.  *Leslie v.*

*Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).  On the other hand, the Court is

not required to adopt unreasonable inferences from circumstantial evidence.

*McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a

genuine issue of material fact.  *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir.

2001) (en banc).  To carry this burden, the moving party need not introduce any

affirmative evidence (such as affidavits or deposition excerpts) but may simply

**Memorandum Decision and Order - 5**

point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

When parties submit cross-motions for summary judgment on the same claim or issue, each motion must be considered on its own merits and analyzed under Rule 56. *See Fair Housing Council of Riverside County, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). The Court must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on the motions. *Id.* That both parties assert that no genuine issues of material fact exist does not eliminate the court's responsibility to determine whether disputed issues of material fact are present. *Id.* at 1132 (quoting *United States v. Fred A. Arnold, Inc.*, 573 F.2d 605, 606 (9th Cir. 1978)).

**Memorandum Decision and Order - 6**

## II.     Statutory Due Process Claims

Johnson argues that the Board violated her rights by failing to comply with the notice and hearing requirements of Idaho Code §§ 33-313(5) and 33-515(6). These statutes require the Board to provide certain pre-termination due process procedures to "certificated professional personnel."  Defendants respond that those statutes apply *only* to "certificated" personnel, which – as of September 2, 2007 – Johnson was not.  Accordingly, the Court must decide whether a teacher whose teaching certificate has expired during the course of employment is still "certificated" personnel within the meaning of the statutes.

Defendants argue that the repeated use of the word "certificated" in I.C. §§ 33-513 and 33-515 clearly limits the application of those statutes to currently-certificated individuals.  In support of this contention, Defendants direct the Court's attention to IDAPA 08.02.02.075.01(d)[2], which defines the term as "[a]n individual who holds an Idaho education certificate and is employed in a certificated position in a [local education agency]."

---

[2]  Johnson asserts that the definitions found in this IDAPA rule are irrelevant and relate "solely" to Fingerprinting and Criminal History checks.  The Court disagrees.  The rule expressly refers back to I.C. § 33-130 which expressly applies to all individuals including, but not limited to, "certificated and noncertificated employees, all applicants for certificates pursuant to chapter 12, title 33, Idaho Code."

**Memorandum Decision and Order - 7**

At first blush, this definition would seem dispositive.  Closer examination, however, reveals that subsection IDAPA 08.02.02.075.01(k) defines a "Non-Certificated" employee as "an individual employed in a non-certificated *position*." (Emphasis added).  This emphasis on the position itself lends some credence to Johnson's argument that the proper focus of the Court's inquiry should be on the category of the position held and not the actual certification status of the individual holding it.  Clearly, it would be irrelevant that a food service or custodial employee might hold a valid Idaho teaching certificate because it is doubtful that the Idaho Legislature intended for food service and/or custodial staff included within the penumbra of "certificated" persons afforded extensive pre-termination safeguards.  By the same logic, Johnson argues that the Legislature must have meant for all persons employed as teachers be entitled to those safeguards regardless of their actual certification status.

However, when dealing with a matter of statutory interpretation, the Court must "look first to the plain language of the statute, construing the provisions of the entire law, including its object and policy, to ascertain the intent of Congress." *United States v. Mohrbacher*, 182 F.3d 1041, 1048 (9th Cir. 1999) (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 830 (9th Cir. 1996)).  "It is well established that when the statute's language is plain, the sole function of the courts

– at least where the disposition required by the text is not absurd – is to enforce it according to its terms." *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004).

Idaho Code § 33-513(1) is entitled "Professional personnel" and grants to the board of trustees of each school district the power and duty "[t]o employ *professional personnel*, on written contract in form approved by the state superintendent of public instruction, conditioned upon a valid certificate being held by such professional personnel at the time of entering upon the duties thereunder." (Emphasis added).  From this provision, it seems clear that an individual may be hired into a "professional personnel" position, *i.e.*, as a teacher, without yet possessing a teaching certificate.

The statute goes to provide that "[t]he board of trustees shall withhold the salary of any teacher who does not hold a teaching certificate valid in this state." *Id.*  This indicates that the teacher neither immediately lose employment nor her teaching position should the certificate not be acquired.  Clearly, a teacher is still a teacher even in the absence of a certificate.

That is not to say, however, that a teacher who does not hold a valid teaching certificate is entitled to the same protections as one who does.  Rather, construed with the remaining provisions of I.C. §§ 33-513 and 33-515, the plain language of section 33-513(1) suggests the contrary.  While section 33-513(1) ascribes to

**Memorandum Decision and Order - 9**

teachers the status of "professional personnel," section 33-513(5) clearly requires

that such professional personnel be "certificated" in order to be protected by the

notice and hearing procedures thereunder:

> [The Board has the duty to] suspend, grant leave of absence, place on probation or discharge *certificated* professional personnel for a material violation of any lawful rules or regulations of the board of trustees or of the state board of education, or for any conduct which could constitute grounds for revocation of a teaching certificate. Any *certificated* professional employee, except the superintendent, may be discharged during a contract term under the following procedures . . . .

I.C. § 33-513(5) (Emphasis added).

The Court finds it significant that the Legislature began using the term

"*certificated* professional personnel" only *after* providing for the process by which

mere "professional personnel" can be hired.  Moreover, the Legislature did not use

the two phrases interchangeably.

The language of I.C. § 33-515(6) lends additional support to this

interpretation:

> If the board of trustees takes action to immediately discharge or discharge upon termination of the current contract a *certificated* person whose contract would otherwise be automatically renewed, or to renew the contract of any such person at a reduced salary, the action of the board shall be consistent with the procedures specified in section 33-513(5), Idaho Code, . . . .

**Memorandum Decision and Order - 10**

(Emphasis added).  As Defendants suggest, the Legislature's repeated and specific reference to "certificated" persons as opposed to "teacher," or "person holding a certificate-required position," or any number of other phrases which would have conveyed alternate meaning, evidences a clear intent that only employees in teaching positions who actually hold a certificate will be afforded the pre-termination safeguards provided by I.C. §§ 33-513(5) and 33-515(6).

Johnson argues that this interpretation of I.C. § 33-513(5) would yield the "absurd" result of creating a new, undefined, category of employees in Idaho's public schools: those performing the duties of certificated employees but with no job protection whatsoever.  The Court disagrees.  Such employees may no longer "perform the duties of certificated employees" because without a certificate they are precluded by law from doing so.  Furthermore, while those in Johnson's position are afforded no *pre*-termination protection, I.C. § 33-517 clearly lays out the *post*-termination job protection extended by the Legislature to non-certificated employees.  Accordingly, the Court will grant Defendant's Motion for Summary Judgment as to Johnson's violation of statutory due process claims.

**Memorandum Decision and Order - 11**

### III.   Procedural Due Process Claim Under the Fourteenth Amendment and 42 U.S.C. § 1983

The appropriate statutory vehicle for remedying violations of the due process clause of the Fourteenth Amendment is 42 U.S.C. § 1983.  *Collins v. City of Parker Heights, Texas*, 503 U.S. 115, 199-200 (1992).  To establish a due process claim under § 1983, a plaintiff must show that a person acting under the color of state law deprived her of a right, privilege, or immunity protected by the U.S. Constitution or federal law.  *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also Lopez v. Dept. of Health Services*, 939 F.2d 881, 883 (9th Cir. 1991).  A due process claim involves a two-step analysis.  *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989).  First, the plaintiff must demonstrate that she had a legitimate claim to a liberty or property interest of which she has been deprived by the State.  *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972).  A legitimate claim of entitlement is created by state laws, rules or understandings that give rise to an expectation of a benefit.  *Id.*  If the first step is answered in the affirmative, the Court must then determine whether the procedures attendant upon that deprivation were constitutionally sufficient.  *Thompson*, 490 U.S. at 460.

**Memorandum Decision and Order - 12**

Johnson argues that Defendants deprived her of her property interest in continued employment without due process of law by terminating her employment without a hearing on September 6, 2007, and by holding a hearing before decision-makers who had already decided the issue against her on October 16, 2007. Defendants counter that the teaching contract became void when Johnson's teaching certificate expired.  Defendants therefore contend that Johnson had no legitimate claim of entitlement to continued employment.  In the alternative, the Defendants argue that Johnson was provided due process in any event.

### A.    Did Johnson have a property interest in continued employment after her certificate expired?

A legitimate expectation of continued employment giving rise to a property interest is created by state law.  *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538, (1985).  Tenure provides a teacher with such a property interest.  *See Cain v. McQueen*, 580 F.2d 1001 (9th Cir. 1978) (citing *Roth*, *supra*, 408 U.S. at 571).  It is uncontested that Johnson was a tenured employee under Idaho Code § 33-515(1).  Nevertheless, Defendants argue that because Johnson's teaching certificate had expired, she no longer had a legitimate claim of entitlement to continued employment.  In support of this contention, Defendants direct the

**Memorandum Decision and Order - 13**

Court's attention to *Hayes v. Independent School Dist. No. 9, Twin Falls County*, 260 P. 1031 (Idaho 1927).

In *Hayes*, the parties entered into a contract for the plaintiff to teach in the district for nine months, beginning September 5, 1922. *Id.* at 1032. Later that month, the plaintiff was fired because she did not possess a State of Idaho teacher's certificate. *Id*. Plaintiff sued for compensation for the time she worked for the district. The Idaho Supreme Court found that she was not entitled to relief because the employment contract was void for lack of a valid teaching certificate. *Id*.

Despite *Hayes*' factual similarity to the case at bar, Defendants' reliance upon *Hayes* is misplaced. Defendants misapprehend the Idaho Supreme Court's ruling in *Hayes* insofar as they suggest it stands for the proposition that the expiration of a teaching certificate will serve to void an already valid contract. The plaintiff in *Hayes* did not possess a teaching certificate at the time she entered into the contract with the district. Rather, the *Hayes* court simply held that the contract never came into existence because the plaintiff did not possess a teaching certificate at the time the contract was entered into, as was required by the laws then in effect.[3]

---

[3] Ch. 215, Sec. 76 of the 1921 Idaho Session Laws governed the disposition of *Hayes* and were substantially similar to the statutes currently in effect.

**Memorandum Decision and Order - 14**

Conversely, it is undisputed that Johnson possessed a valid certificate at the time the parties entered into the employment contract, and, more importantly, when she began teaching in the District.  Idaho Code § 33-513(1) specifically conditions the validity of a teaching contract on a valid teaching certificate being held by such teacher "at the time of entering upon the duties thereunder."  Presumably in contemplation of the possibility that a certificate may later expire, I.C. § 33-513(1) merely provides that the Board "shall withhold the salary of any teacher who does not hold a teaching certificate valid in this state."  Nothing within the plain language of the statute states that expiration of a teaching certificate renders an operating and valid contract void.

Accordingly, the Court finds that Johnson had a legitimate property interest in her contract of employment with the school district.  The remaining question is whether the procedures used to terminate the interest were constitutionally sufficient.  *See Thompson*, 490 U.S. at 460.

**B.    Did Johnson receive all the process that was due?**

Although the expiration of Johnson's teaching certificate precluded her from taking advantage of state law statutory pre-termination protections under Idaho Code § 33-513(5), she was nonetheless entitled to the procedures afforded to her by federal law.  *See Voigt v. Savell*, 70 F.3d 1552, 1563 (9th. Cir. 1995) (What

**Memorandum Decision and Order - 15**

procedures are required if the state seeks to deprive a defendant of a protected

property interest is determined by federal law); *see also Loudermill*, 470 U.S. at

541 ("The answer to the question [of what process is due] is not to be found in

[state law].")  Under federal law, Johnson was entitled to notice of the reasons for

termination, an explanation of the public employer's evidence, and an opportunity

to be heard, *Loudermill*, 470 U.S. at 546, which she received by way of the

October 16, 2007 hearing.[4]

However, Johnson argues that the October 16 hearing was constitutionally

insufficient because the Board had prejudged the outcome.  To conduct a hearing

where there is even a "probability" that the decision-maker will unfairly decide any

issue presented violates due process requirements.  *See Withrow v. Larkin*, 421

U.S. 35, 47 (1975).  To that end, where a board of representatives has

predetermined the outcome of a due process hearing, there may be a denial of due

process.  *Johnson v. Bonner County Sch. Dist. No. 82 v. Bd. of Trs.*, 887 P.2d 35,

39 (Idaho 1994).  However, mere familiarity with the facts of a case does not

---

[4] Both the Supreme Court and Ninth Circuit have held that, where required, a pre-deprivation hearing need only take place before an individual is "finally" deprived of a property interest.  *Brewster*, 149 F.3d at 985-86 (citing *Parratt*, 451 U.S. at 539-40; *Mathews*, 424 U.S. at 332; *Gearhart v. Thorne*, 768 F.2d 1072, 1073 (9th Cir. 1985)).  Accordingly, October 16, 2007, the date of the formal evidentiary hearing, is the relevant date for evaluating the constitutional sufficiency of Johnson's pre-deprivation process.

**Memorandum Decision and Order - 16**

disqualify a decision-maker. *Hortonville Joint Sch. Dist. No. 1 v. Hortonville Educ. Ass'n*, 426 U.S. 482, 493. Nor is a decision-maker disqualified simply because it has taken a position, even in public, on a policy issue related to the dispute, in the absence of a showing that the decision-maker is not "capable of judging a particular controversy fairly on the basis of its own circumstances." *Id.* For that reason, simply recommending non-renewal of a teacher's contract and holding a due process hearing is not a violation. In fact, it is standard procedure. *See* I.C. § 33-513(5).

Johnson has presented nothing to suggest that the individual Board members were incapable of judging the October 16 hearing fairly or that there was any bias against her.[5] Instead, Johnson argues that the Board's September 6 decision not to seek provisional certification resulted in impermissible pre-judgment of the October 16 hearing. The Court disagrees.

---

[5] "The contention that the combination of investigative and adjudicative functions necessarily creates an unconstitutional risk of bias in administrative adjudication has a much more difficult burden of persuasion to carry. It must overcome a presumption of honesty and integrity in those serving as adjudicators; and it must convince that, under a realistic appraisal of psychological tendencies and human weakness, conferring investigative and adjudicative powers on the same individuals poses such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented." *Withrow*, 421 U.S. at 47.

**Memorandum Decision and Order - 17**

Despite strong evidence that the Board members understood the probable effect of their September 6 decision not to seek provisional certification, the Court cannot equate that decision to a constitutionally impermissible pre-determination of the issue.  The Board's decision not to seek provisional certification cannot preclude it from fairly weighing Johnson's lack of certification at a later termination hearing.

Furthermore, Johnson's position is simply impractical.  Should the Court accept it, then any time a currently-employed teacher approaches a school board seeking provisional certification from ISBE, the board would be required to serve notice of possible termination and convert the hearing into a full due process procedure or be precluded from denying the request.  Accordingly, the Court will grant Defendant's Motion for Summary Judgment on Johnson's Fourteenth Amendment and 42. U.S.C. § 1983 claim.

## IV.   Procedural Due Process Claim Under the Idaho Constitution

Idaho applies federal standards to due process claims brought under the Idaho Constitution.  *Jones v. State Board of Medicine*, 555 P.2d 399, 406 (Idaho 1976).  Accordingly, for the reasons stated above, the Court will grant Defendant's Motion for Summary Judgment as to Johnson's state due process claim.

**V.      Breach of Contract Claim**

Johnson predicates her claim for breach of contract on her claims that Defendants violated statutory and Constitutional due process protections.  Because the Court finds that Defendants violated neither, the Court will grant Defendant's Motion for Summary Judgment as to Johnson's breach of contract claim.

**VI.     IHRA, the Rehabilitation Act, and ADA Claims**

Johnson admits that her ADA claim is barred because she did not file a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days as required by 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e-5.  However, Johnson's IHRA and Rehabilitation Act claims are not barred and both parties suggest that the same ADA analysis applies to both.  The Court agrees and will consider these remaining claims together under the analytical framework provided by the ADA.

The ADA prohibits employers from discriminating against a "qualified" employee with a disability, and requires employers to provide "reasonable accommodations" to the known physical or mental limitations of such an individual.  *Rohr v. Salt River Project Agricultural Imp. and Power Dist.*, 555 F.3d 850, 858 (9th Cir. 2009) (quoting 42 U.S.C. §§  12112(a), 12112(b)(5)(A)).  Johnson asserts that approval of her request to seek provisional certification would

have been a reasonable accommodation.  She therefore contends that by refusing

her request or otherwise failing to engage in an interactive process with Johnson to

identify other reasonable accommodations, the Defendants violated the ADA,

IHRA, and the Rehabilitation Act. *See* 29 C.F.R. 1630.2(o)(3); *see also Barnett v.*

*U.S. Air, Inc.*, 228 F.3d 1105, 1113-14 (9th Cir. 2000) (overruled on other grounds

in *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002)).

However, to survive summary judgment, an ADA plaintiff must first

establish, *inter alia*, that she was a "qualified individual."  *Bates v. United Parcel*

*Service, Inc.*, 511 F.3d 974 (9th Cir. 2007) (quoting *Nunes v. Wal-Mart Stores,*

*Inc.*, 164 F.3d 1243, 1246 (9th Cir.1999)).  Johnson's claims fail because at the

time she requested accommodation, she was no longer "qualified" to hold a

teaching position in the State of Idaho.

Qualification for a position is a two-step inquiry.  *Bates*, 511 F.3d at 990.

The Court must first determine whether Johnson satisfies the "requisite skill,

experience, education and other job-related requirements" of the position of

secondary education teacher in the District.  The Court must then determine

whether Johnson, with or without reasonable accommodation, "can perform the

essential functions of the job." *Id.*

**Memorandum Decision and Order - 20**

With respect to the first step of the inquiry, the "Interpretive Guidance on Title I of the Americans with Disabilities Act," promulgated by the EEOC,[6] provides that, among the factors to consider in determining whether the individual satisfies the prerequisites for the position, is whether the position requires the individual to possess any necessary licenses.  29 CFR Part 1630, App. § 1630.2(m).[7]

Johnson argues that the EEOC's interpretation places an additional obstacle in the way of employees seeking ADA protection not contemplated by the language of the statute.  Johnson bases her argument on the Ninth Circuit's decision in *Bates v. United Parcel Service, supra.*  There, the Ninth Circuit addressed a UPS requirement that all package drivers be DOT certified to operate commercial vehicles.  *Id.*, 511 F.3d 974.  In emphasizing the "crucial" distinction between an employer's "qualification standards" and "qualifications" within the meaning of the ADA, the Ninth Circuit held that the plain language of 42 U.S.C. §

---

[6]  The EEOC has been delegated responsibility by Congress with regard to Title I of the ADA.  *See* 42 U.S.C. § 12116.

[7]  By way of example, 29 CFR Part 1630, App. § 1630.2(m) illustrates that the first step in determining whether an accountant who is paraplegic is qualified for a certified public accountant (CPA) position is to examine the individual's credentials to determine whether he or she is a licensed CPA.

**Memorandum Decision and Order - 21**

12111(8) "does not require that a person meet each of an employer's established 'qualification standards' . . . to show that he is 'qualified.'"  *Id*. at 990.

Johnson's reliance on *Bates* is misplaced.  In this case, the qualification standard at issue was not established by the *employer*.  Rather, it is a statutorily-mandated certification requirement imposed by the Idaho Legislature.[8]  Thus, in this case, the first and second parts of the ADA qualification inquiry dovetail. Section 12111(8) defines a "qualified individual" as "an individual who, with or without reasonable accommodation, *can perform the essential functions of the employment position* that such individual holds or desires."  (Emphasis added).  As noted above, every elementary and secondary school teachers in Idaho must possess a valid teaching certificate:

> Every person who is employed to serve in any elementary or secondary school in the capacity of teacher, supervisor, administrator, education specialist, school nurse or school librarian shall be required to have and to hold a certificate issued under authority of the state board of education, valid for the service being rendered. . . .

I.C § 33-1201.  Accordingly, when Johnson's teaching certificate expired she could no longer perform the "essential functions" of the position because she was

---

[8]  It is of note that 29 C.F.R. § 1630.15(e) states that "It may be a defense to a charge of discrimination under this part that a challenged action is required or necessitated by another Federal law or regulation, or that another Federal law or regulation prohibits an action (including the provision of a particular reasonable accommodation) that would otherwise be required by this part."

**Memorandum Decision and Order - 22**

precluded by State law from doing so.  *See Levinger v. Mercy Medical Center, Nampa*, 75 P.3d 1202, 1208 (Idaho 2003).

Johnson nevertheless argues that she could have performed the essential functions of the position had the Board reasonably accommodated her disability by approving her request to seek provisional certification.  However, reasonable accommodation is only due to qualified individuals.  Whether or not an individual is a qualified under the ADA is determined at the time the adverse employment decision was made.  *See Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1112 (9th Cir. 2000) ("Thus, one must be able to perform the essential functions of employment at the time that one is discriminated against in order to bring suit under Title I"); 29 C.F.R. Part 1630, App. § 1630.2(m).  It is undisputed that Johnson's teaching certificate expired on or before September 1, 2007, five days prior to the September 6 provisional certification hearing and 45 days before the October 16 due process hearing.  Thus, at the time of any adverse employment decision, Johnson was unable to perform the essential functions of the position and was not a qualified individual within the meaning of the ADA, the IHRA, or the Rehabilitation Act.  Accordingly, the Board was not obligated to reasonably accommodate her disability.

**Memorandum Decision and Order - 23**

Although, the above analysis resolves Johnson's ADA, IHRA and Rehabilitation Act claims, the Court will briefly address the Defendant's alternative argument that the requested accommodation was unreasonable because ISBE requires a supporting statement outlining the Board's "good faith efforts" to hire a certificated teacher.  According to Defendants, this requirement precluded them from requesting Johnson's provisional certification, since there were two certificated employees in the district who could have filled Johnson's position.  The Court disagrees.  The form merely required information regarding the Board's process.  ISBE did not require, as it could have, that the Board certify that there were no certificated persons available before it could request provisional certification.  Rather, it only required that the Board certify what "good faith efforts" it had undertaken to hire a certificated teacher.   The ISBE requirement did not foreclose the Board from identifying the other certificated employees in the District, but requesting provisional certification for Johnson as a way of accommodating her disability and discharging the Board's duty under the the ADA, the IHRA and the Rehabilitation Act.

Furthermore, whether ISBE was likely to grant the request is largely irrelevant.  An ADA plaintiff is not required to show that a requested accommodation is certain or even likely to be successful to prove that it is a

**Memorandum Decision and Order - 24**

reasonable accommodation.  *Humphreys v. Mem. Hosp. Ass'n*, 239 F.3d 1128, 1136 (9th Cir. 2001).  "As long as a reasonable accommodation available to the employer could have plausibly enabled a handicapped employee to adequately perform his job, an employer is liable for failing to attempt that accommodation." *Kimbro v. Atlantic Richfield Co.*, 889 F.2d 869, 879 (9th Cir. 1989).  For the purpose of summary judgment, the Court must construe all facts in favor of the party opposing summary judgment.  *Gasho v. U.S.*, 39 F.3d 1420, 1428 (9th Cir. 1994).  Accordingly, the Court presumes that, in light of the circumstances and the non-absolute language of the provisional request form, it is *plausible* that ISBE may have granted the provisional certification.

Nevertheless, because Johnson's certificate had, in fact, lapsed, she was not "qualified" within the meaning of the ADA and the reasonableness of Johnson's request is irrelevant.  Accordingly, the Court will grant Defendants' Motion for Summary Judgment on Johnson's ADA, IHRA, and Rehabilitation Act claims.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (Docket No. 14) shall be, and the same is hereby GRANTED.

**Memorandum Decision and Order - 25**

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 15) shall be, and the same is hereby DENIED.

The Court will enter a separate Judgment as required by Federal Rule of Civil Procedure 58.



DATED:  **February 9, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 26**